## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **DELANE JACKSON, individually and on behalf of all similarly situated individuals,**<br><br>          Plaintiff,<br><br>     v.<br><br>**VANPORT WAREHOUSING, INC.**<br><br>          Defendant. | Case No. 21-cv-1618<br><br>(Removed from the State of Illinois,Circuit Court of Cook County, Chancery Division, Case No. 2021CH00768) |

## NOTICE OF REMOVAL

Defendant Vanport Warehousing, Inc. ("Vanport"), by and through its attorneys, Johner T. Wilson III and Helena B. Wright of Dinsmore & Shohl LLP, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support of its Notice of Removal, Vanport states the following:

### The State Court Action

1.     On February 17, 2021, Plaintiff Delane Jackson ("Plaintiff") filed a putative class action complaint ("Complaint") in the Cook County Circuit Court, captioned *Delane Jackson, individually and on behalf of all others similarly situated, v. Vanport Warehousing, Inc.,*Case No. 2021CH00768 (the "State Action"). The Complaint alleges that Vanport violated the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA") in four different ways. Pursuant to 28 U.S.C. §1446(a), a copy of Plaintiff's Class Action & Jury Demand is attached hereto as Exhibit A.

2.      On February 23, 2021, Vanport was served with a copy of the Summons and the Complaint. *See* Declaration of Pam Calcagno, attached hereto as Exhibit B at ¶ 10. This was Vanport's first formal notice of the State Action. No other processes, pleadings, or orders have been served on Vanport in this matter.

3.      This Notice of Removal is timely filed within 30 days of Vanport's receipt of service of the Complaint as permitted by 28 U.S.C. § 1446(b).

4.      Plaintiff alleges that he brings this Complaint on behalf of a proposed class of "[a]ll individuals whose biometrics were captured, collected, obtained, stored or used by [Vanport] within the state of Illinois at any time within the applicable limitations period" (the "Class"). (Ex. A, Compl., ¶ 56). Plaintiff asserts "[t]he exact number of Class members is unknown to Plaintiff at this time, but on information and belief exceeds 50." (*Id.*, ¶ 58).

5.      Plaintiff alleges that Vanport violated his rights and the rights of the Class under BIPA by:

- Failing to properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

- Failing to provide a publicly available retention schedule for permanently destroying Plaintiff's and other similarly situated workers' fingerprints, as required by BIPA;

- Failing to obtain a written release from Plaintiff and others similarly situated to collect, store, disseminate, or otherwise use their fingerprints, as required by BIPA; and

- Failing to obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party, as required by BIPA.

(*See id.*, ¶ 12).

6.      Plaintiff seeks declaratory and injunctive relief, statutory damages on behalf of himself and the Class for each time Vanport violated BIPA, and reasonable attorneys' fees and costs.  (*See id.*, ¶¶ 70, 80, 89).

## Venue

7.      The Circuit Court of Cook County, Chancery Division, the court in which the State Action is now pending, lies in the Northern District of Illinois, Eastern Division. This Court, therefore, is the proper venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

## Diversity Jurisdiction

8.      Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction of all actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and in which there is complete diversity of citizenship among the parties that have been properly joined.  28 U.S.C. § 1332(a).

## Diversity of Citizenship

9.      There is complete diversity of citizenship between Plaintiff and Vanport.

10.      For purposes of diversity, an individual is a citizen of the state in which he or she is domiciled. *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 676 (7th Cir. 2006) ("[I]n class action only the citizenship of the named plaintiff counts") (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (complete diversity rule); *Snyder v. Harris*, 394 U.S. 332, 340 (1969) (look only to citizenship of named plaintiffs in a class)). A person's domicile is the place where one is physically present and intends to make that place his home for the time being. *Sadat v.*

*Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980) (citing Restatement (Second) of Conflict of Laws §§ 15, 16, 18 (1971)).

11.     Plaintiff has alleged in his Complaint that he is a "resident and citizen of the State of Illinois." (Ex. A, Compl., ¶ 14). This demonstrates that Plaintiff is physically present in Illinois and intends to make Illinois his home for the time being.  Thus, Plaintiff is domiciled in, and is a citizen of Illinois.

12.     Vanport is a corporation formed under the laws of the State of Washington with its principal place of business in Vancouver, Washington.  (*See* Ex. B, ¶ 4).

13.     For purposes of determining diversity of the parties, a corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and the State and foreign state by which it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, for purposes of determining diversity jurisdiction, Vanport is a citizen of Washington.

14.     The parties are of diverse citizenship, as Plaintiff is a citizen of Illinois and Vanport is a citizen of Washington.

**Amount in Controversy**

15.     To support diversity jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

16.     Plaintiff's Complaint does not state a specific total amount of monetary damages. When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show what the stakes of litigation are given the plaintiff's actual demands. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). In such a situation, the key inquiry in determining whether the amount-in-controversy requirement is met

is not what the plaintiff will actually recover. *Id*. But, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id*. "A removing defendant can establish the amount the plaintiff stands to recover via . . . calculation(s) from the complaint's allegations; reference to the plaintiff's informal estimates or settlement demands; or the introduction of evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-542 (7th Cir. 2006). "The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 448 (7th Cir. 2005).

17.     The allegations in Plaintiff's Complaint establish that there is more than $75,000.00 in controversy.

18.     Plaintiff alleges that Vanport violated BIPA at least four times a day when it required him to scan his fingerprint at the beginning and end of his workday, as well as when he took meal breaks.  (Ex. A, Compl., ¶¶ 40, 45, 48). Plaintiff worked at Vanport as a full time employee from July 8, 2018 to February 2, 2021 at its location in Addison, Illinois. (*See* Ex. B, ¶¶ 5-6). Plaintiff used the biometric time clock system at the Vanport location in Addison Illinois approximately 2,564 times[1] between July 8, 2018 and his termination on February 2, 2021. (*See* Ex. B, ¶ 7).

19.     Plaintiff alleges Vanport's violations of BIPA were intentional and/or reckless and seeks $5,000 for each intentional and/or reckless violation. (Ex. A, Compl., ¶¶ 70, 80, 89). As such, an allegation of 2,564 violations would place at least $12,820,000.00 at issue. If, as Plaintiff appears to allege, each time he allegedly clocked in and out using his fingerprint is

---

[1] 641 (number of work days between July 8, 2018 and February 2, 2021) * 4 (number of times of alleged use of biometric time clock each workday).

deemed a violation, then the amount in controversy exceeds $75,000. Vanport could owe $5,000 for "each violation" of BIPA. *See* 740 ILCS 14/20. Plaintiff also appears to allege each time he scanned his fingerprint constitutes four separate violations of BIPA. (Ex. A, Compl., ¶ 12) (alleging Vanport violated BIPA 740 ILCS 14/15, in four ways). As such, merely alleging four (4) clock in or clock out instances would suffice to meet the amount in controversy.[2]

20.     Finally, Plaintiff did not file any stipulation or affidavit in the State Action prior to removal that would limit his damages to less than $75,000 as required by the Seventh Circuit. *See In re: Shell OilCo.*, 970 F.2d 355, 356 (7th Cir. 1992) ("Litigants who want to prevent removal must file a binding stipulation or declaration with their complaints"). As a result of the diversity of citizenship and amount in controversy, diversity jurisdiction is satisfied and removal is proper.

### *Compliance With Procedural Requirements*

21.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Vanport being served with the Summons and Complaint on February 23, 2021.

22.     Attached as Exhibit C is a true and correct copy of the Notice to Plaintiff of the Filing of this Notice of Removal, the original of which is being served upon Plaintiff Delane Jackson, as required by 28 U.S.C. § 1446(d), through his attorneys, Thomas M. Ryan, Law Office of Thomas M. Ryan, P.C., 35 East Wacker Drive, Suite 650, Chicago, Illinois 60601, and James Bormes and Catherine P. Sons of Law Office of James X. Bormes, P.C., 8 South Michigan Avenue, Suite 2600, Chicago, Illinois, 60603.

---

[2] 4 (number of sections of BIPA allegedly violated) * 2,564 (number of times BIPA allegedly violated) * $5,000 (damages for reckless/intentional violations) = $51,280,000.00.

23.     Attached as Exhibit D is a copy of the Notice to State Court of the Filing of this Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County, as required by 28 U.S.C. § 1446(d).

24.     Vanport files this Notice of Removal solely for the purpose of removing the instant State Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** Defendant Vanport Warehousing, Inc. submits this Notice of Removal to the Court and hereby gives notice to the Clerk of the Circuit Court of Cook County, Illinois, that said removal is hereby effected on March 24, 2021, and that no further action by the Circuit Court shall take place unless this action be remanded by this Court.

Dinsmore & Shohl, LLP


One of the Attorneys for
Vanport Warehousing, Inc.

Johner T. Wilson III
Helena B. Wright
Dinsmore & Shohl LLP
222 West Adams Street, Suite 3400
Chicago, Illinois 60606
T: 312.372.6060
JT.Wilson@dinsmore.com
Helena.Wright@dinsmore.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on March 24, 2021, he filed the foregoing **Notice of**

**Removal** electronically with the Clerk of Court using the E-Filing system, a copy will be served

via email and/or U.S. Mail to the following counsel:

Thomas M. Ryan,
Law Office of Thomas M. Ryan, P.C.
35 East Wacker Drive, Suite 650
Chicago Illinois 60601

and

James Bormes and Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue, Suite 2600
Chicago, Illinois, 60603

*Attorneys for Plaintiff Delane Jackson.*


_____
Johner T. Wilson III